# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                              Criminal Action No. 2:18-CR-30
                                                 (BAILEY)

**ROBERT JUNKINS,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation Recommending that Defendant's Motion to Suppress be Denied [Doc. 41]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Michael John Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on March 1, 2019. In that filing, the magistrate judge recommended that this Court deny the defendant's Motion to Suppress [Doc. 28]. This Court has also reviewed the briefs on the Motion as well as the transcript of the February 11, 2019, hearing. For the reasons that follow, this Court **ADOPTS** the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1). After this Court granted an extension of time, defendant timely filed his objections on May 18, 2019 [Doc. 56]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I.  Factual and Procedural History

After conducting a hearing on the Motion to Suppress on February 11, 2019, Magistrate Judge Aloi made certain findings of fact that this Court hereby adopts [*See* Doc. 41 at 3-12]. This Court does not find it necessary to rehash them.

The defendant was charged with three counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of a firearm during and in relation to a drug offense in violation of 21 U.S.C. §§ 841(a) and 924(c)(1)(A)(I), and three counts of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [Doc. 2 at 1-8].

On January 31, 2019, the defendant filed a Motion to Suppress [Doc. 28], requesting this Court to suppress all of the Government's evidence related to two incidents occurring on August 1, 2017, and November 30, 2018. In support of the motion, the defendant

argues that the detention waiting for a K-9 dog sniff was unreasonable and that the defendant was subjected to questioning following this detention in which defendant allegedly made incriminating statements, which he argues are statements obtained as fruit of an illegal traffic stop. Second, defendant argues the November 30, 2018, search of his vehicle was illegal and beyond the scope of the stop.

On February 8, 2019, the Government filed its Response in Opposition to Defendant's Motion to Suppress [Doc. 34]. In its opposition, the Government argues that the August 1, 2017, traffic stop was initiated following two violations–littering and obstruction of a license plate, which created probable cause that the defendant had committed a traffic infraction. Additionally, the Government argues that the dog sniff occurred during the traffic stop and the stop was not unreasonably extended. As to the November 30, 2018, stop, the Government argues probable cause existed because the license plate had expired, the vehicle was parked immediately off the main road and the engine still running, which indicated the vehicle had traveled to the parking spot.

On March 1, 2019, Magistrate Judge Michael John Aloi entered his R&R, in which he found that all the evidence seized by the police is admissible and recommended that this Court deny the Motion to Suppress [Doc. 41 at 22]. On May 18, 2019, the defendant timely filed his objections to the magistrate judge's R&R [Doc. 56].

## II. Applicable Law

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A vehicle stop without articulable, reasonable suspicion violates an individual's Fourth Amendment rights. **United States v. Wilson**, 205 F.3d 720, 724 (4th

Cir. 2000). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." ***Whren v. United States***, 517 U.S. 806, 810 (1996) (internal citations omitted). "Any ulterior motive [that] a police officer may have for making the traffic stop is irrelevant." ***United States v. Digiovanni***, 650 F.3d 498, 506 (4th Cir. 1992) (citing ***Whren***, 517 U.S. at 810). Under the objective test adopted by the Fourth Circuit Court of Appeals ("Fourth Circuit"), when a police officer observes unlawful conduct, such as a traffic offense, the police officer's subsequent traffic stop is reasonable for purposes of analysis under the Fourth Amendment; this is true regardless of any subjective motives or suspicions that the police officer may have regarding unrelated criminal activity by the occupants of the vehicle. ***United States v. Hassan El***, 5 F.3d 726, 730-31 (4th Cir. 1993).

The reasonableness of a traffic stop is analyzed under a two prong analysis. ***Id.*** (relying on ***Terry v. Ohio***, 392 U.S. 1 (1968)). The Court must analyze whether the police officer's conduct was justified at the time of the stop and whether the subsequent actions taken by the police officer were "reasonably related in scope to the circumstances that justified the stop." ***Id.*** A police officer's observation of a traffic violation provides sufficient justification for detainment of "the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." ***Branch***, 537 F.3d at 335 (internal citations omitted).

Having a trained dog sniff the perimeter of a vehicle that has been lawfully stopped in a public space is not a search for purposes of Fourth Amendment analysis. ***United States v. Place***, 462 U.S. 696, 707 (1983). However, an "alert" by a trained narcotics dog

4

constitutes probable cause for a search. *United States v. Jeffus*, 22 F.3d 554, 557 (4th Cir. 1994). Such a canine sniff, even if the K-9 Unit is called to the scene of a routine traffic stop, is "constitutionally acceptable if performed within 'the time reasonably required' to issue a traffic citation." *Branch*, 537 F.3d at 335. The Fourth Circuit has specifically held that a fifteen minute time period between a traffic stop and a search of the vehicle based upon probable cause from an "alert" by a trained narcotics dog "[does] not constitute an unlawful seizure in violation of the Fourth Amendment." *Jeffus*, 22 F.3d at 557.

Under the "automobile exception" to the Fourth Amendment's warrant requirement, once probable cause to search a vehicle that is readily mobile has been established, police officers may conduct a warrantless search of the vehicle. *Maryland v. Dyson*, 527 U.S. 465 (1999). Such a warrantless search may be "as thorough as a magistrate judge could authorize in a warrant 'particularly describing the place to be searched.'" *United States v. Ross*, 456 U.S. 798, 800 (1982). This includes a search of any compartments or containers in the vehicle. *Wyoming v. Houghton*, 526 U.S. 295, 302 (1999).

### III.  Discussion

A.  August 1, 2017, Stop

Defendant argues the August 1, 2017, traffic stop was infirm because no officer witnessed the defendant affirmatively committing the misdemeanor violation of littering; rather, he asserts this was merely a pretext for officers to search defendant's vehicle. This argument is disingenuous insofar as it only tells half the story. Chief Carlson testified that he received notice of a complaint regarding two individuals in a red Ford Mustang who had been passed out and came to in the McDonald's parking lot. Chief Carlson arrived

5

approximately five minutes later. Upon fully driving around McDonald's, Carlson saw a red Mustang pull out of the parking lot and travel North on Route 19. At this point Chief Carlson saw the litter come from the car. *Additionally*, he testified that there was a piece of what he believed to be metal obstructing a portion of the license plate, which made it impossible to make out the characters of the license plate. He then initiated the traffic stop and conveyed the unobstructed characters of the license plate to dispatch to run the plate. The stop was proper. Subsequently, a K-9 Unit arrived and alerted at the driver's side door.[1] An "alert" by a trained narcotics dog constitutes probable cause for a search. **United States v. Jeffus**, 22 F.3d 554, 557 (4th Cir. 1994). Thus, the search was proper and any items seized therefrom are admissible. Accordingly, defendant's Objection is **OVERRULED**.

B.     November 30, 2018, Stop

Defendant Objects to the November 30, 2018, stop, asserting that the "Magistrate Judge endorsed an inferential leap by the officers." Here, the officers noticed that the defendant's vehicle had an expired registration sticker. While the vehicle was parked in a private establishment, the Go-Mart, the vehicle had to have been operated on a public highway to reach the location where it was parked. Finally, the defendant was presumably the driver personally responsible for operating the vehicle. Defendant asserts the magistrate judge has "strung together those inferences to conclude that defendant Junkins was guilty of a misdemeanor civil traffic offense." [Doc. 56 at 5]. Defendant relies on the

---

[1]Although the defendant's objections do not address the issue of whether the traffic stop was impermissibly extended to allow the K-9 Unit to arrive, this Court adopts the magistrate judge's finding that the traffic stop was not unlawfully extended to allow the K-9 Unit to arrive.

language of West Virginia Code § 17A-3-1, *et seq.*, which includes language that appears to restrict issuing a citation for expired registration to instances where the vehicle is "driven or moved upon a highway". Id. at § 17A-3-2(a).

The traffic stop is reasonable based upon the officer's observation of the defendant's traffic offense. *See **Hassan El***, 5 F.3d at 730-31. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." ***Whren***, 517 U.S. at 810 (1996) (internal citations omitted). "Any ulterior motive [that] a police officer may have for making the traffic stop is irrelevant." ***Digiovanni***, 650 F.3d at 506 (citing ***Whren***, 517 U.S. at 810). Under the objective test adopted by the Fourth Circuit, when a police officer observes unlawful conduct, such as a traffic offense, the police officer's subsequent traffic stop is reasonable for purposes of analysis under the Fourth Amendment; this is true regardless of any subjective motives or suspicions that the police officer may have regarding unrelated criminal activity by the occupants of the vehicle. ***United States v. Hassan El***, 5 F.3d at 730-31.

Here, officers testified that they were familiar with the area and knew there was only one entrance to the Go-Mart, which lead onto a public road, on which the vehicle must have traveled. Even more, the officers testified that the engine was running, rather than it being broken down or stored there. This Court finds that the officers had probable cause to believe that the vehicle had been driven or moved upon a highway, thus a traffic violation occurred. Accordingly, this Court agrees with the R&R that while the officers did not witness the traffic infraction occur, probable cause existed that a traffic infraction did occur and the stop was justified.

The traffic stop was also sufficiently limited in scope and duration. A traffic stop must be "sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure." *Florida v. Royer*, 460 U.S. 491, 500 (1983). "With regard to scope, 'the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time.'" *United States v. Guijon-Ortiz*, 660 F.3d 757 (4th Cir. 2011)(quoting *Florida v. Royer*, 460 U.S. at 500). The analysis to determine whether the scope and duration of the stop was sufficiently limited is "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *Guijon-Ortiz*. 660 F.3d at 764. For a traffic stop to be extended beyond what is required during a routine traffic stop, there must be additional justification other than the original justification for the traffic stop. *Id*. During a traffic stop, officers may order a driver of the vehicle to exit the car "without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Ohio v. Robinette*, 519 U.S. 33 (1996)(citing *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1997)).

Patrolman Sayre testified that when he asked the defendant to exit the vehicle due to erratic behaviors he had displayed, he observed a syringe and a smoking device on the floorboard of the driver's seat. Patrolman Sayre patted defendant down and found a large sum of cash in the defendant's right pocket. He was then detained, and Patrolman Sayre conducted a search of the vehicle, at which time he found a firearm, drug paraphernalia, and a bag of crystal methamphetamine. Accordingly, this Court finds that the magistrate judge's recommendation on this issue should be **ADOPTED** and the defendant's objection

on this issue **OVERRULED**.

## IV.  Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 41]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  As such, the defendant's Motion to Suppress **[Doc. 28]** is hereby **DENIED**.  Furthermore, the defendant's Objections **[Doc. 56]** are **OVERRULED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** May 29, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE